UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. BROWN,<br><br>      Plaintiff,<br><br>   vs.<br><br>CONNIE GIPSON, et al.,<br><br>      Defendants. | 1:13-cv-02084-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br>(Doc. 2.)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT HEARING AS MOOT<br>(Doc. 4.) |

**I.   BACKGROUND**

William E. Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 23, 2013. (Doc. 1.)

On January 27, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On December 23, 2013, Plaintiff filed a motion for a temporary restraining order, and on January 2, 2014, Plaintiff requested a court hearing for the motion. (Docs. 2, 4.)

## II.   PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

### Discussion

Plaintiff requests a court order requiring prison officials at Corcoran State Prison (CSP) in Corcoran, California, to stop retaliating against Plaintiff. Plaintiff's motion for preliminary injunctive relief against officials at CSP must be denied as moot because Plaintiff is no longer incarcerated at CSP and therefore is not subject to conduct by those officials.[1] Further, as a result of this ruling, Plaintiff's motion for a court hearing is moot and shall be denied as such.

///

---

[1] On April 9, 2014, Plaintiff filed a notice of change of his address from CSP to Pelican Bay State Prison. (Doc. 9.)

**III.     CONCLUSION**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a temporary restraining order, filed on December 23, 2013, is DENIED as moot; and
2. Plaintiff's motion for a court hearing on the motion, filed on January 2, 2014, is DENIED as moot.

IT IS SO ORDERED.

Dated:   **May 13, 2014**                          **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE