UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. BROWN,<br><br>          Plaintiff,<br><br>     vs.<br><br>CONNIE GIPSON, et al.,<br><br>          Defendants. | 1:13-cv-02084-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF, OR IN THE ALTERNATIVE, FOR RECONSIDERATION<br>(Doc. 11.) |

I.      **BACKGROUND**

William E. Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 23, 2013.  (Doc. 1.)

On January 27, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of

1

California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On June 13, 2014, Plaintiff filed a motion for a preliminary injunction, or in the alternative, for "declaratory judgment under Rule 60, Relief from judgment or order."  (Doc. 11.)  The court construes the motion for declaratory judgment as a motion for reconsideration of the court's order of May 13, 2014.

## II.    PLAINTIFF'S MOTIONS

### A.    Legal Standards

#### 1.    Preliminary Injunctive Relief

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

///

## 2. **Motion for Reconsideration**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

///

///

///

**B.**     **Discussion**

Plaintiff is presently incarcerated at Pelican Bay State Prison (PBSP) in Crescent City, California.  The claims at issue in Plaintiff's Complaint arise from events occurring at Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated there.

Plaintiff requests court orders requiring prison officials at CSP and PBSP to stop acting against him.

Plaintiff may not bring claims arising at PBSP in this action.  This court, located in the Eastern District of California, does not have jurisdiction to decide Plaintiff's claims arising at PBSP.  The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  Because PBSP is located in the Northern District of California, any claims against PBSP employees must be brought there.   Therefore, Plaintiff's motion for preliminary injunction must be denied with respect to any claims arising at PBSP.

With respect to Plaintiff's claims arising at CSP, any motion for preliminary injunctive relief against officials at CSP must be denied as moot because Plaintiff is no longer incarcerated at CSP[1] and therefore is not subject to conduct by those officials.[2]

In the alternative, Plaintiff requests reconsideration of the court's order issued on May 13, 2014, which denied Plaintiff's motion for a temporary restraining order.   (Doc. 10.) Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.   Therefore, Plaintiff's motion for reconsideration shall also be denied. ///

---

[1] On April 9, 2014, Plaintiff filed a notice of change of his address from CSP to PBSP.  (Doc. 9.)

[2] At this stage of the proceedings, however, Plaintiff is not precluded from pursuing his claims in the complaint arising at CSP *for monetary damages*.

4

**III.    CONCLUSION**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion for preliminary injunctive relief, filed on June 13, 2014, is DENIED; and

2.    Plaintiff's motion for reconsideration of the court's order issued on May 13, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   __**June 16, 2014**__            _____**/s/ Gary S. Austin**__
                                    UNITED STATES MAGISTRATE JUDGE