UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>CONNIE GIPSON, et al.,<br><br>    Defendants | Case No. 1:13 cv 02084 GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.  Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on January 27, 2014 (ECF No. 6).

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Pelican Bay State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at CSP Corcoran. Plaintiff names the following individual defendants: Warden Connie Gipson; Sgt. Wilson; Sgt. J. Gonzales; A. Guzman; E. Castro; S. Weber. Sgt. Rasley; Lt. M. Marsh; C/O Saucedo; C/O Scalfe; C/O Miere.

Plaintiff's complaint consists of a single page identifying this action as a civil rights action pursuant to 42 U.S.C. § 1983, and naming individual defendants. Attached to the complaint is a copy of a document filed in Coleman v. Brown, et al., No. CV-S-90-0520 LKK JFM. The document is titled "Notice of Motion and Motion For Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary Measures." Plaintiff also attaches a document titled "Plaintiff's Reply in Support of Motion for Enforcement of Court Orders and Affirmative Relief Related to Use of Force and Disciplinary Measures." Attached

the notice of motion and reply in the Coleman case is one page declaration of Plaintiff, along with a 22 page statement of facts.

Plaintiff's statement of facts is a rambling narrative, detailing the conditions of Plaintiff's confinement in the CDCR over the past several years. Plaintiff refers to treatment for his mental health and medical conditions, recommendations by his sentencing court for mental health treatment, documents regarding gang validation, disciplinary action against Plaintiff, unspecified due process allegations, a hunger strike and the response to it by correctional officials, retaliation "by use of force and fabricated documents," involuntary medication, corporate malfeasance, prolonged physical and psychological isolation, inadequate food, extreme temperatures, yard access, bedding, "unconstitutional retainment," staff misconduct in general, cell extraction. A recurring theme in Plaintiff's complaint appears to be inadequate mental health treatment.

### A. Class Action

Plaintiff appears to be bringing this action to enforce court orders in Coleman v. Brown, CV-S-90-0520-LKK-JFM. Individual suits for injunctive and equitable relief from unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter. McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991)); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1998)(en banc). "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action." Id. Any asserted requests for injunctive relief are therefore dismissed. If Plaintiff seeks to complain about a perceived failure to comply with orders in Coleman, he may contact plaintiff's class counsel.[2]

### B. Civil Rights Act

---

[2] Counsel for the plaintiff class in Coleman is Donald H. Specter at the Prison Law Office, General Delivery, San Quentin, CA 94964.

3

Should Plaintiff seek to initiate a separate civil action from <u>Coleman</u>, he is advised of the following.  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  <u>Id</u>. (quoting <u>Johnson</u> at 743-44).   Plaintiff has not specifically charged each defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff.  Plaintiff may not hold defendants liable simply by alleging a list of grievances and then charge defendants with the vague allegation that they neglected his condition.  Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm.  Plaintiff has failed to do so here.  The complaint should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

///

C.     <u>Rule 18</u>

4

Plaintiff's complaint is a blatant violation of Rule 18. Plaintiff list multiple, unrelated claims that have occurred over time. "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal, equitable or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). Thus, multiple claims against a single party are permissible, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass (a multiple claim, multiple defendant) suit produces, but also to ensure that prisoners pay the required filing fees. The Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without the prepayment of the required fees. 28 U.S.C. § 1915(g). George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's complaint is voluminous and includes several unrelated claims. Plaintiff will be given an opportunity to file a first amended complaint under this case number, wherein he is directed to plead/allege only related claims. All unrelated claims should be brought in separate suits. Plaintiff is advised that if he chooses to file a first amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed as strikes, such that Plaintiff may be barred from filing in forma pauperis in the future.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must

be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 23, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE