UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>CONNIE GIPSON, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-02084-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAY 22, 2017 ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 36) |

Plaintiff William Brown ("Plaintiff") is a state prisoner proceeding se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 6.)

Currently before the Court is Plaintiff's motion entitled, "Fair and Constructive Notice Respectfully Opposing the Court's Order not to Un-K.A.G.E. the 13th Amendment, et al.," filed on June 15, 2017. (ECF No. 36.) In his motion, Plaintiff objects to the Court's May 22, 2017 order, (ECF No. 33), to the extent it dismissed certain claims and defendants as described in that order. Thus, the Court construes Plaintiff's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

**I.    Plaintiff's Motion for Reconsideration**

    **a.  Legal Standard**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. Harvest v. Castro, 531 F.3d 737,

1

749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

### b. Discussion

Plaintiff generally asserts that CDCR officials are biased against New Afrikan/Black prisoners on the basis of race, religion and political views, as shown by the denial of the demands of the United K.A.G.E Brothers, and as further outlined in his June 4, 2013 article in the SF Bay New newspaper, attached as an exhibit. Plaintiff argues that he has therefore shown an implicit bias by the defendants he named in this action. Thus, Plaintiff asserts that he sufficient pleaded that his federally-protected rights were violated by: (1) C/O Guzman conducting a racist stop and frisk with evil intent; (2) the stealing of green dots accounts, and the falsification of reports by Sergeant Gonzales related to the green dots accounts; (3) when Director Matthew Cates, Warden Gibson, and other officials harassed him and other prisoners and had him transferred, because he was allegedly engaging in activities likely to incite violence and/or related to a prison or street gang, based on his political activities.

These conclusory allegations were considered in the May 23, 2017 screening order and in prior screening orders, and found insufficient to state a claim. As described above, Plaintiff's mere disagreement with the Court's prior ruling is not sufficient grounds for reconsideration. Plaintiff has shown no new facts, circumstances, or evidence that would compel reconsideration here, nor any error

2

committed by the Court. His conclusory allegations that CDCR officials generally act out of bigotry and bias are not sufficient to support any cognizable claim in this case.

Therefore, Plaintiff has failed to set forth grounds entitling him to reconsideration of the Court's order dismissing certain claims and defendants from this action.

**II.     Conclusion and Order**

For the reasons explained above, Plaintiff's motion seeking reconsideration of the Court's May 22, 2017 order, filed on June 15, 2017 (ECF No. 36), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **June 16, 2017**                    /s/ *Barbara A. McAuliffe*
                                                                        UNITED STATES MAGISTRATE JUDGE