UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| WILLIAM BROWN, | Case No.: 1:13-cv-02084-BAM (PC) |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, WITHOUT PREJUDICE |
| v. | |
| W. RASLEY, | (ECF No. 45) |
| Defendant. | |

Plaintiff William Brown is a state prisoner, proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed a motion requesting the appointment of counsel, with a proof of service dated September 10, 2017. (ECF No. 45.) The motion was received and docketed on September 15, 2017. Plaintiff seeks counsel on the basis that he is unable to afford counsel and proceeds in forma pauperis, his imprisonment limits his ability to litigate, the issues in this case are complex and would be better handled by counsel, and he has limited law library access and legal knowledge.

On September 11, 2017, this case was stayed for 90 days pending alternative dispute resolution, and no pleadings or other documents may be filed in this case during the stay of this action, except as provided by court order. (ECF No. 44.) However, because Plaintiff's motion was provided to prison officials for service prior to the entry of the stay in this case, the Court will consider and rule upon Plaintiff's motion.

Plaintiff does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 n.1 (9th Cir. 1998). The Court cannot require an attorney to represent Plaintiff pursuant to 28

1

U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id</u>. (internal quotation marks and citations omitted).

In this case, the Court does not find the required exceptional circumstances warranting appointment of counsel. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Further, at this early stage in the litigation, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

Plaintiff also discusses that he has not had full access to his legal materials. He has submitted materials showing that he has received some legal advice on filing internal complaints related to these issues. Plaintiff has also filed a request for an extension of time due to lack of access to his legal materials, which the Court will address separately.

Accordingly, Plaintiff's motion for appointed counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **September 19, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE