UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>W. RASLEY,<br><br>        Defendant. | Case No. 1:13-cv-02084-AWI-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO FILE RAND NOTICE, MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE, MOTION FOR EXPERT WITNESS AND APPOINTMENT OF COUNSEL, AND MOTION FOR SUBPOENA<br><br>(ECF Nos. 54, 55, 56, 58) |

Plaintiff William Brown is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 7, 2017, Plaintiff filed the following series of filings:

1. Motion in Opposition to Defendant's Motion to Dismiss and Request that the Court Take Judicial Notice Per Federal Rules of Evidence 201(b) (ECF No. 55);

2. Notice of Motion and Motion for Administrative Relief to File <u>Rand</u> Notice (ECF No. 54);

3. Request for Expert Witness Per Federal Rule of Evidence 706, and Motion for Appointment of Counsel (ECF No. 56); and

4. Motion for a Rule 45 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (ECF No. 58).

1

Because these motions discuss overlapping issues and requests for relief, the Court finds it most efficient to address them jointly in this order. Furthermore, although no response has been received from Defendant, the Court does not find any response necessary, nor does it find that Defendant will be prejudiced by its consideration of these motions. Local Rule 230(l).

**I.   Motion in Opposition to Motion to Dismiss and Request to Take Judicial Notice**

First, Plaintiff filed a document titled, "Motion in Opposition to Defendant's Motion to Dismiss and Requesting that the Court take Judicial Notice per Fed. Rules of Evidence 201(b) of Racist/Green Wall Code of Silence." (ECF No. 55.) Plaintiff's filing appears to be a reply to Defendant's answer.

As an initial matter, there is no motion to dismiss filed by Defendant pending in this action, and thus no response to any such motion is necessary. The Court will disregard this opposition as unnecessary at this time.

The Court also declines to take judicial notice of the assertions put forth in by Plaintiff in this filing. Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b). The assertions submitted by Plaintiff are not the type of adjudicative facts that are judicially noticeable. Thus, the request for judicial notice will be denied.

Further, to the extent this filing is meant as a reply to Defendant's answer, Plaintiff has not been granted leave to file any such reply. In relevant part, the Federal Rules of Civil Procedure provide that there shall be a complaint, an answer to a complaint, and, if a court orders one, a reply to an answer. Fed. R. Civ. P. 7(a).[1]  The Court has not ordered any reply to Defendant's answer, and declines to make such an order in this case.

///

---

[1] A plaintiff rarely needs to file any reply to an answer. "[T]he allegations in pleadings not requiring a response—e.g., the answer—are already automatically deemed denied or avoided under Rule 8(b)(6)." Fort Indep. Indian Cmty. v. California, No. CIV.S-08-432-LKK-KJM, 2008 WL 6579737, at *1 (E.D. Cal. June 24, 2008).

2

**II. Motion to File <u>Rand</u> Notice**

Second, Plaintiff filed a motion requesting to file a <u>Rand</u> notice, (ECF No. 54), and attached a "<u>Rand</u> Warning" to Defendant Rasley. The <u>Rand</u> Warning states that Plaintiff has made an opposition to Defendant's motion to dismiss and made a request for judicial notice.

As noted above, Plaintiff's opposition to Defendant's motion to dismiss is being disregarded as unnecessary, because there has been no motion to dismiss filed by Defendant. Thus, Plaintiff's motion to file a <u>Rand</u> notice or warning for that opposition is likewise unnecessary.

Further, Plaintiff is not required to file, serve, or send <u>Rand</u> notices or warnings, including to Defendant or defense counsel. In <u>Woods v. Carey</u>, 684 F.3d 934, 939 (9th Cir. 2012), the Ninth Circuit held that a *pro se* prisoner <u>plaintiff</u> must be provided with "fair notice" of the requirements for opposing a motion for summary judgment at the time the motion is brought. The notice requirements are set forth in <u>Rand</u>. See <u>Rand v. Rowland</u>, 154 F.3d 952, 961 (9th Cir. 1998) (notice must apprise prisoner of what is required under Federal Rule of Civil Procedure 56, including right to file counter-affidavits or other responsive evidentiary materials, and effect of losing on summary judgment, in clear language and in a clear and conspicuous manner).

In other words, <u>Rand</u> notices must be given to Plaintiff; Plaintiff need not send a <u>Rand</u> notice to defendant. For this additional reason, Plaintiff's motion is denied, as unnecessary.

**III. Request for Expert Witness and for Appointment of Counsel**

Next, Plaintiff filed a joint motion requesting an expert witness pursuant to Federal Rule of Evidence 706, and for the appointment of counsel. The Court addresses these requests in turn.

**A. Request for Expert Witness**

Regarding Plaintiff's request for an expert witness, he asserts that an expert witness will assist his articulation of the body of facts and evidence in this case related to his claim for the violation of his rights.

Federal Rule of Evidence 706 authorizes courts, within their discretion, to appointment a neutral, independent expert witness. Fed. R. Evid. 706(a); <u>Walker v. Am. Home Shield Long Term Disability Plan</u>, 180 F.3d 1065, 1071 (9th Cir. 1999). The appointment of such an expert

witness may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997).

At this early juncture in the case, neither the Court nor any other trier-of-fact is engaged in evaluating any evidencing or making any factual findings. Nor has Plaintiff identified any pending motion for which expert assistance is needed. Thus, Plaintiff's motion for the appointment of a neutral expert witness is, at the very least, premature. See Vanderbusch v. Chokatos, No. 1:13-cv-01422-LJO-EPG, 2017 WL 4574121, at *1 (E.D. Cal. Oct. 13, 2017) (plaintiff's request for an expert witness denied on the ground that a trial date had not yet been scheduled); Flournoy v. Maness, No. 2:11-cv-02844-KJM-EFB, 2016 WL 6493970, at *1 n.1 (E.D. Cal. Nov. 2, 2016) (declining to appoint a medical expert because "there are no pending motions for summary judgment at this time").

Therefore, Plaintiff's motion for appointment of an expert witness will be denied, without prejudice, as premature.

### B. Request for Appointment of Counsel

Plaintiff seeks the appointment of counsel, and states in support that he is unable to afford counsel and lawyers he has contacted are not interested in representing his case, that his imprisonment limits his ability to litigate, and that he lacks legal knowledge. Plaintiff further asserts that this case is complex, that counsel would better present his case, and that he has been denied access to jailhouse lawyers and legal training.

As Plaintiff has been previously advised, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. §1915(e)(1), Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).

However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel

only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In this case, the Court does not find the required exceptional circumstances for the appointment of counsel. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. A review of the record in this case shows that Plaintiff is able to articulate his claims and arguments, and the legal issue he proceeds upon is not complex. Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

For these reasons, Plaintiff's request for the appointment of counsel will be denied, without prejudice.

**IV.     Motion for a Rule 45 Subpoena**

Finally, Plaintiff filed a motion seeking issuance of a subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45. Plaintiff's request is not entirely clear, but it appears he seeks the locations of certain persons he believes are witnesses to the events at issue. Plaintiff also seeks documents he sent to an attorney. Finally, Plaintiff seeks various documents, such as complaints and other documents related to uses of force on him, videos, ICC meeting minutes, and other documents and items.

Plaintiff is informed that his request for the issuance of a subpoena commanding the production of documents from non-parties is subject to certain requirements. Fed. R. Civ. P. 45. The Court will consider granting a request for a subpoena duces tecum only if the documents sought from the non-party are discoverable, are not equally available to Plaintiff, and are not obtainable from Defendants through a request for production of documents. Fed. R. Civ. P. 45(c); Fed. R. Civ. P. 34. Thus, a request for the issuance of a records subpoena requires Plaintiff to: (1) identify with specificity the documents sought and from whom, and (2) make a showing that the records are only obtainable through that third party. Additionally, Plaintiff only is entitled to seek

5

discovery of any non-privileged matter that is relevant to his claims. Fed. R. Civ. P. 26(b)(1). The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence. Id. In order to obtain a subpoena duces tecum, Plaintiff must inform the court of the purpose of the subpoena to determine whether the documents sought are relevant to this action.

Here, Plaintiff's request does not met these standards. Some of the information he seeks appears potentially obtainable from Defendants through a request for the production of documents, or obtainable through other activity by Plaintiff, such as making a request to view his personal C-File through prison officials. Documents that Plaintiff sent to attorneys may potentially be obtained through a letter or phone call requesting the documents from such counsel without the need for court intervention.

Plaintiff must attempt to obtain the documents and information he seeks through other reasonably-available means before seeking the issuance of a subpoena duces tecum. If he is unable to do so, he may bring another motion, but must meet the standards articulated above. Accordingly, Plaintiff's request for issuance of a subpoena duces tecum will be denied, without prejudice.

**V.    Conclusion and Order**

For the reasons explained above, it is HEREBY ORDERED that:

1.    Plaintiff's opposition to Defendant's Motion to Dismiss is disregarded, as unnecessary, because no such motion is pending, and Plaintiff's request that the Court take judicial notice of the assertions in his opposition is denied (ECF No. 55);

2.    Plaintiff's motion to file a Rand notice is denied (ECF No. 54);

3.    Plaintiff's motion for an expert witness and his request for the appointment of counsel are both denied, without prejudice (ECF No. 56); and

///
///
///
///

4. Plaintiff's motion for issuance of a Rule 45 subpoena duces tecum is denied, without prejudice (ECF No. 58).

IT IS SO ORDERED.

Dated: **December 18, 2017**          /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE