# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>W. RASLEY,<br><br>        Defendant. | Case No. 1:13-cv-02084-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN DEFENDANTS<br><br>(Doc. No. 26) |

Plaintiff William Brown is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 5, 2016, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 302. (Doc. No. 6.) Later, on May 22, 2017, the assigned magistrate judge screened Plaintiff's second amended complaint and found that it stated a cognizable claim for retaliation in violation of the First Amendment, excessive force in violation of the Eighth Amendment, and conversion against Defendant Rasely. (Doc. No. 33.) The magistrate judge dismissed all other claims and defendants for the failure to state a claim upon which relief may be granted. (*Id.*)

The case then proceeded on Plaintiff's claim against Defendant Rasley. On August 30, 2017, Defendant Rasley answered the second amended complaint. (Doc. No. 41.) On September

1, 2017, the Court issued a discovery and scheduling order. (Doc. No. 42.) On December 28, 2017, Defendant Rasley filed the motion for summary judgment, which remains pending. (Doc. No. 61.) Defendant Rasley also declined to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 302. (Doc. No. 49.)

On December 12, 2017, the magistrate judge reinstated Plaintiff's previously dismissed claims, recognizing that a recent Ninth Circuit opinion, *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), had held that a magistrate judge does not have jurisdiction to dismiss claims with prejudice in screening prisoner complaints even if a plaintiff has consented to magistrate judge jurisdiction, as Plaintiff had done here. (Doc. No. 53.) Concurrently, the magistrate judge issued findings and recommendations recommending that the undersigned dismiss those reinstated claims. (*Id*.) The parties were given fourteen days to file his objections to those findings and recommendations. No objections were filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a *de novo* review of this case. The undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations issued on December 12, 2017 (Doc. No. 53) are adopted in full;
2. Plaintiff's claims against Defendants Gipson, Gonzales, Guzman, and the John Doe defendants are dismissed for the failure to state a claim against them upon which relief may be granted;
3. Plaintiff's claims for slavery and involuntary servitude under the Thirteenth Amendment, for due process and equal protection violations of the Fourteenth Amendment, and for injunctive relief, are dismissed for the failure to state a claim upon which relief may be granted;
4. This action shall proceed solely on Plaintiff's claim against Defendant Rasley for retaliation in violation of the First Amendment, excessive force in violation of the Eighth Amendment, and conversion against Defendant Rasely; and

5. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: January 10, 2018

_____
SENIOR DISTRICT JUDGE