U.S. DIST CT
Fresno Division

| | |
|---|---|
| William Brown | Case #1:13-cv-02084-AWI-BAM PC |
| Plaintiff | Request for Expert witness per Fed. R. Evid 706 |
| v. | And Motion For Appointment of Counsel |
| U. Rasley | |
| Defendant | |

FILED FEB 05 2018 CLERK, U.S. DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA BY ___ DEPUTY CLERK

Pursuant to 28 U.S.C. §1915(e)(1) Plaintiff moves for an order for Requested Expert witness pursuant Fed. R. Evid 706 see: Agyeman v. Corr. Corp. of. Am. 390 F.3d 1101 (9th Cir. (2004)) Plaintiff Also moves for an order appointing Counsel to represent him in this Case. Walker v. American Homeshield longterm disability Plan 180 F.3d 1065, 1071 (9th Cir. (1999)) In Support of this motion, Plaintiff States:

1. Plaintiff is unable to afford Counsel. He has requested leave to proceed in forma pauperis.

2. Plaintiff imprisonment will greatly limit his ability to litigate. The issues involved in this case are Complex, and will require Significant research and investigation. Plaintiff has limited knowledge of the Law. And is Also a Coleman v. Brown Class prisoner see: Title II The American with Disabilities Act (ADA) 42 USC §12131(1)(A)(B) United States V. Georgia, 126 S. Ct. 877; Loye v. County of Dakota, 625 F.3d 494.

3. A Trial in this case will likely involve Conflicting testimony, and Counsel would better enable plaintiff to present evidence and Cross examine witnesses; Ledford v. Sullivan 105 F.3d 354 (7th Cir. (1997)) Tedder v. odel 890 F.2d 210 (9th Cir. (1989))

4. Plaintiff has been deliberately denied Access to jailhouse lawyers or Curriculum to learn the legal language or due process to allow NONE-SNY, EOP, or NONE PSU or SHU prisoners.

1

"a fair Change of Ideology", "Rehabilitation" and "Competency" as ordered by Del Norte Superior Court." Platiff has submitted Additional 602 #SUSP-L-16-07135 to (TLR) and 602 #DSH-SUSP HC 16000111 at (TLR) attached to said Appeal were 'K.A.G.E. Demands' see: Title 15 CCR§ 3160(a), 3163, 3164(a)(c) see: Johnson v. Avery, 89 S.ct 747 (1969). Boring v. Kozakiewiez 833 F.2d 468 (3rd Cir. (1987)]

5. Plaintiff 'K.A.G.E. Demands' Can Also be corelated to Ashker v. Gov 12-22-15 Agreement via CDCR officials and Ashker Mediation Team. see: Armstrong v. Schwarzenegger 261 FRD 173, see: prop 57 Article I. § 32. Everyone has the right to an effective remedy by the Competent National tribunals for acts violating the fundamental rights granted him by the Constitution or by law. see: Universal Declaration of Human Rights Articles (1) - (30). Benjamin v. Kerik, 102 F. Supp. 2d 157 (S.D.N.Y. 2000).

6. Plaintiff Has Attached related Documentary Evidence to Support That Several Attorneys have Stipulated They wouldn't be of interest to represent his Claims even those related to Coleman v. Brown, Ashker v. Gov Agreement, see: attached

7. Plaintiff does have a common relationship with Mrs. Carol Strickman Attorney for legal services for prisoners with Children, Anne M. Cappella, attorney at Law Weil, Gotshal & Manges LLP 201 Redwood Shores Parkway Redwood Shores, Ca 94065, Charles F.A. Carbone, Esq attorney P.O. Box 2809 San Francisco, CA 94126 (415) 981-9773 or (415) 531-1980 Plaintiff Believes this may well be the easiest and most convenient thing for the Court to Appoint a common corelated attorney.

2

8. Plaintiff has made prior request to obtain a Court Appointed Counsel Therefore, AN Expert witness will Assist his Articulating the Body of Facts and other implicit or Explicit Evidence related to State Actor(s) violating his Constitutionally protected Rights per Fed R. Evid 706.

WHEREFORE, plaintiff request that the Court Appoint _____, a member of the California State Bar, as Counsel in this Case number at Bar.

Date: 1/29/18

/s/ [signature]
Umoja Malkumbwaki A/K/A
Min. William Edward Brown, Jr

Min. William E. Brown, Jr #T38106
P.O. Box 4670 Adseg 246 CSP LAC
Lancaster, Ca 93539

3