UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN,<br><br>        Plaintiff,<br><br>   v.<br><br>W. RASLEY,<br><br>        Defendant. | Case No. 1:13-cv-02084-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING AN EXPERT WITNESS PURSUANT TO FEDERAL RULE OF EVIDENCE 706<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN INVESTIGATOR<br><br>(ECF Nos. 68, 69) |

      Plaintiff William Brown is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      On February 5, 2018, Plaintiff filed a motion requesting an expert witness and the appointment of counsel. (ECF No. 68.) That same day, Plaintiff filed an *ex parte* motion for an investigator to assist him, at the government's expense. (ECF No. 69.)

      Because these motions discuss overlapping issues and requests for relief, the Court finds it most efficient to address them jointly in this order. Furthermore, although Defendant Rasley has not had an opportunity to respond, the Court does not find any response necessary. Defendant will not be prejudiced by the immediate consideration of these motions. Local Rule 230(l).

1

## I. Request for an Expert Witness and For Appointment of Counsel

As he has done previously, (ECF No. 56), Plaintiff's first motion requests an expert witness pursuant to Federal Rule of Evidence 706, and the appointment of counsel. The Court addresses these requests in turn.

### A. Request for Expert Witness

In support of his request for an expert witness, Plaintiff states that an expert witness will assist him in articulating the body of facts and other implicit or explicit evidence related to the violation of his constitutional rights here. Plaintiff asserts that an expert witness will be able to assist court-appointed counsel, which he has also requested.

Federal Rule of Evidence 706 authorizes courts, within their discretion, to appointment a neutral, independent expert witness. Fed. R. Evid. 706(a); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). The appointment of such an expert witness may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997).

Plaintiff has not identified any pending motion for which expert assistance is needed. Nor does the Court find that any expert witness is needed to evaluate any scientific, technical or other specialized information in support of any currently pending motion. Thus, Plaintiff's motion for the appointment of a neutral expert witness is, at the very least, premature. *See Vanderbusch v. Chokatos*, No. 1:13-cv-01422-LJO-EPG, 2017 WL 4574121, at *1 (E.D. Cal. Oct. 13, 2017) (plaintiff's request for an expert witness denied on the ground that a trial date had not yet been scheduled); *Flournoy v. Maness*, No. 2:11-cv-02844-KJM-EFB, 2016 WL 6493970, at *1 n.1 (E.D. Cal. Nov. 2, 2016) (declining to appoint a medical expert because "there are no pending motions for summary judgment at this time").

Therefore, Plaintiff's motion for appointment of an expert witness will be denied, without prejudice, as premature.

///

///

**B. Request for Appointment of Counsel**

Plaintiff seeks the appointment of counsel, and states in support that he is unable to afford counsel and lawyers he has contacted are not interested in representing him, that his imprisonment limits his ability to litigate, and that he lacks legal knowledge. Plaintiff further asserts that this case is complex, that counsel would better present his case, and that he has been denied access to jailhouse lawyers and legal training. Plaintiff further asserts that he has a relationship with an attorney for legal services for prisoners with children, and that it may be easiest and most convenient to appoint that attorney here.

As Plaintiff has been previously advised, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. §1915(e)(1), *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In this case, the Court does not find the required exceptional circumstances for the appointment of counsel. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. A review of the record in this case shows that Plaintiff is able to articulate his claims and arguments, and the legal issue he proceeds upon is not complex. Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Since Plaintiff's previous request, the circumstances have not changed such that the Court finds it appropriate to begin the search for volunteer counsel here.

///

For these reasons, Plaintiff's request for the appointment of counsel will be denied, without prejudice.

**II.     Motion for an Investigator**

Finally, Plaintiff filed a motion seeking a court-appointed investigator to investigate emails and phone records, locate inmates or agents, advise Plaintiff confidentially in this action, and testify at trial on various issues regarding Plaintiff's case. In support, Plaintiff asserts that he is indigent, but the assistance of an investigator is necessary to advise him regarding his case and to aid in the investigation and prosecution of his claims.

The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See Tedder v. Odel*, 890 F.2d 210 (9th Cir.1989) (citations omitted). The *in forma pauperis* statute does not authorize the expenditure of public funds in a civil rights case for the purposes sought by Plaintiff in the instant request. Therefore, Plaintiff's motion for a court-appointed investigator will be denied.

**III.    Conclusion and Order**

For the reasons explained above, it is HEREBY ORDERED that:

1.    Plaintiff's request for an expert witness and his request for the appointment of counsel, filed on February 5, 2018 (ECF No. 68), are both denied, without prejudice; and

2.    Plaintiff's *ex parte* motion for an investigator to assist him, filed on February 5, 2018 (ECF No. 69), is denied.

IT IS SO ORDERED.

Dated:    **February 6, 2018**         /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE