UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN,<br><br>        Plaintiff,<br><br>v.<br><br>W. RASLEY,<br><br>        Defendant. | Case No. 1:13-cv-02084-AWI-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER<br><br>(ECF No. 62) |

**I.**     **Background**

Plaintiff William Brown is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 28, 2017, Defendant Rasley filed a motion for summary judgment under Federal Rule of Civil Procedure 56 for the failure to exhaust administrative remedies. (ECF No. 61.)

On January 8, 2018, Defendant filed a motion for a protective order to stay discovery, or in the alternative, to limit discovery to matters pertinent to issues of exhaustion of administrative remedies and government claim presentation, until Defendant's summary judgment motion is resolved. (ECF No. 62.) Defendant also filed a declaration in support. (ECF No. 62-2) Defendant declares that he contacted Plaintiff to discuss a stipulation, and Plaintiff declined to agree to any protective order. Defendant further declares that Plaintiff served interrogatories and requests for production on Defendant Rasley on or about December 8, 2017. (*Id.*)

1

On February 5, 2018, Plaintiff submitted objections to, among other things, the motion for a protective order. (ECF No. 66.) The Court finds a reply unnecessary, and the motion is deemed submitted. Local Rule 230(l).

**II.     Motion for Protective Order**

In support of the motion for protective order, Defendant argues that: (1) the pending motion for summary judgment will potentially dispose of the entire action; (2) the Court does not require additional information to decide the motion; and (3) the expenditure of resources required to respond to discovery requests will be needless if the Court grants Defendants' motion for summary judgment, and if the motion is denied, the parties may conduct merits discovery with no prejudice from the brief delay. Defendant further argues that additional discovery is not necessary here because the motion for summary judgment includes the relevant information and documents available to Defendant about Plaintiff's appeal history and efforts to exhaust his claim in this case. Further, Plaintiff has either possession of, or equal access to, his own documents related to his appeal history and so will not need additional discovery on the exhaustion issue.

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co*., 299 U.S. 248, 254 (1936)). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

Here, the Court finds that Defendants have met the burden of showing good cause to stay all non-exhaustion related discovery in this case. As Defendants argue, proceeding with discovery that is not related to their potentially dispositive motion will result in unnecessary motion practice, litigation costs, and a waste of judicial resources. If Defendants' motion does not resolve this case, Plaintiff will not be prejudiced by a modest delay in proceeding with non-exhaustion related discovery.

Further, Plaintiff's opposition to the motion is based on his desire to have Defendant respond to his merits-related discovery concerning the injuries he alleges in this case. The Court does not find Plaintiff's opposition to be persuasive regarding whether a protective order should be issued here.

However, the Court finds it appropriate to permit discovery on matters pertinent to issues of exhaustion of administrative remedies and government claim presentation here. Although documentary evidence and affidavits were provided in support of Defendant's motion for summary judgment, Plaintiff may require additional information prompted by the motion or evidence which is not currently in his possession. The Court will not preclude discovery requests which is solely related to exhaustion matters or government claim presentation issues at this time.

Therefore, to the extent Plaintiff's interrogatories and request for production served on Defendant on or about December 8, 2017 relate to matters of exhaustion of administrative remedies or government claim presentation issues, Defendant shall respond to them. Otherwise, such discovery is stayed pending the outcome of Defendant's motion for summary judgment.

### III. Conclusion and Order

For these reasons, it is HEREBY ORDERED that:

1. Defendant's motion for protective order, filed on January 8, 2018 (ECF No. 62), is granted in part;

2. All discovery, other than on matters pertinent to issues of exhaustion of administrative remedies and government claim presentation, is stayed in this case pending the disposition of Defendant's motion for summary judgment; and

3. Defendant shall respond to Plaintiff's interrogatories and request for production served on or about December 8, 2017 <u>only</u> to the extent such requests are related to matters of exhaustion of administrative remedies or government claim presentation issues. Defendant's responses, if any are required, are due on or before thirty (30) days from the date of this order.

IT IS SO ORDERED.

Dated: **February 6, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE