UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>W. RASLEY,<br><br>        Defendant. | Case No. 1:13-cv-02084-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN DEFENDANTS<br><br>(Docs. No. 26, 53, 66, 67, 71, 72) |

Plaintiff William Brown is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 5, 2016, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 302. (Doc. No. 6.) Later, on May 22, 2017, the assigned magistrate judge screened Plaintiff's second amended complaint and found that it stated a cognizable claim for retaliation in violation of the First Amendment, excessive force in violation of the Eighth Amendment, and conversion against Defendant Rasely. (Doc. No. 33.) The magistrate judge dismissed all other claims and defendants for the failure to state a claim upon which relief may be granted. (*Id*.)

The case then proceeded on Plaintiff's claim against Defendant Rasley. On August 30, 2017, Defendant Rasley answered the second amended complaint. (Doc. No. 41.) On September 1, 2017, the Court issued a discovery and scheduling order. (Doc. No. 42.) On December 28, 2017, Defendant Rasley filed the motion for summary judgment, which remains pending. (Doc. No. 61.) Defendant Rasley also declined to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 302. (Doc. No. 49.)

1

On December 12, 2017, the magistrate judge reinstated Plaintiff's previously dismissed claims, recognizing that a recent Ninth Circuit opinion, *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), had held that a magistrate judge does not have jurisdiction to dismiss claims with prejudice in screening prisoner complaints even if a plaintiff has consented to magistrate judge jurisdiction, as Plaintiff had done here. (Doc. No. 53.) Concurrently, the magistrate judge issued findings and recommendations recommending that the undersigned dismiss those reinstated claims. (*Id*.) The parties were given fourteen days to file his objections to those findings and recommendations. No objections were filed within the time permitted.

On January 10, 2018, the Court adopted the findings and recommendations in full. (ECF No. 63.) After issuing that order, the Court received Plaintiff's motion for an extension of time to file objections to the findings and recommendations, with a proof of service dated January 8, 2018. (ECF No. 64.) Plaintiff sought an extension of time to file objections based on mail delays and a hospitalization. (*Id*.) On February 2, 2018, the Court issued an order finding good cause to grant Plaintiff's request, vacating its January 10, 2018 order, and allowing Plaintiff an additional thirty (30) days to file objections to the December 12, 2017 findings and recommendations. (*Id*.)

On February 5, 2018, Plaintiff filed objections to the findings and recommendations. (ECF No. 66.) Plaintiff also filed a motion to alter or amend the previous judgment, which is directed at the January 10, 2018 order. (ECF No. 72.) Although that order has since been vacated, because Plaintiff presents additional arguments for the Court to reject the findings and recommendations in that motion, the Court has considered it along with his objections to the findings and recommendations. Plaintiff's objections and motion to amend the previous judgment also cite other documents he has filed in support of his position. These include a notice regarding the California Whistleblower Act, which he states is relevant to his claims, (ECF No. 67), and a declaration regarding newly discovered evidence, (ECF No. 71).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a *de novo* review of this case, including the Plaintiff's objections. The undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations issued on December 12, 2017 (Doc. No. 53) are adopted in full;
2. Plaintiff's motion to alter or amend the previous judgment, filed on February 5, 2018 (Doc. No. 72), is denied;
3. Plaintiff's claims for slavery and involuntary servitude under the Thirteenth Amendment, for due process and equal protection violations of the Fourteenth Amendment, and for injunctive relief, and Defendants Gipson, Gonzales, Guzman, and John Doe, are dismissed for the failure to state a claim upon which relief may be granted; and
4. This action shall proceed solely on Plaintiff's claim against Defendant Rasley for retaliation in violation of the First Amendment, excessive force in violation of the Eighth Amendment, and conversion under state law.

IT IS SO ORDERED.

Dated: March 2, 2018

SENIOR DISTRICT JUDGE