UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| WILLIAM BROWN, | Case No. 1:13-cv-02084-AWI-BAM (PC) |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND A PREVIOUS JUDGMENT |
| v. | |
| W. RASLEY, | [Doc Nos. 81, 82] |
| Defendant. | |

Plaintiff William Brown is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to alter or amend a previous judgment, with a declaration in support, filed on May 1, 2018. (Doc. Nos. 81, 82.) Plaintiff argues that the Court should reconsider its order issued on January 10, 2018. (Doc. Nos. 63, 79) In Doc. No. 79, the undersigned adopted findings and recommendations issued by the assigned United States Magistrate Judge, and ordered that this case proceed solely on Plaintiff's claim against Defendant Rasley for retaliation in violation of the First Amendment, excessive force in violation of the Eighth Amendment, and conversion. All other claims and defendants were dismissed.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j)

1

requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

Here, Plaintiff seeks for the Court to review his allegations in his complaint and declarations submitted in support, and argues at length that he sufficiently pleaded facts in support of the dismissed claims. Plaintiff's pleadings were reviewed in issuing the prior order, and he has shown no grounds to reconsider the dismissal of the non-cognizable claims and defendants.

Plaintiff also contends that he has newly discovered evidence which brings more merit to his claims. Plaintiff has not shown whether any prior dismissal should be reconsidered based on newly discovered evidence. He has not shown that he can now allege additional facts sufficient to state a claim that he did not previously plead which is cognizable in this suit.

Accordingly, Plaintiff's motion to alter or amend a previous judgment (Doc. No. 81) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: __August 14, 2018__   _____
SENIOR DISTRICT JUDGE