| | |
|---|---|
| WILLIAM BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>W. RASLEY,<br><br>        Defendant. | Case No. 1:13-cv-02084-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR THE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>[Doc No. 61]<br><br>**FOURTEEN-DAY DEADLINE** |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**I.    Introduction**

Plaintiff William Brown is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claims against Defendant Rasley for retaliation in violation of the First Amendment, excessive force in violation of the Eighth Amendment, and conversion under state law.

Plaintiff's claims arise out of allegations concerning events occurring at CSP-Corcoran on November 7, 2013. Plaintiff alleges that while he was housed in ASU, Defendant Rasley threw a smoke grenade into Plaintiff's cell because of complaints and grievances that Plaintiff made regarding prison conditions, and took his television and other items in retaliation for the same complaints and protesting. (*See* Ex. to Compl., Rules Violation Report ("RVR") #3A04-13-11-002, Doc. No. 1, at 72-73.)

Currently before the Court is Defendant's motion for summary judgment for the failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 56, filed on

1

December 28, 2017. (Doc. No. 61.) Plaintiff filed opposition papers on February 5, 2018, including a declaration. (Doc. Nos. 66, 67, 71, 72.) Defendant filed a reply on February 12, 2018, (Doc. No. 75), with a declaration in support, (Doc. No. 76). The motion is now deemed submitted. Local Rule 230(l).

## II. Motion for Summary Judgment

### A. Legal Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d 1162, 1166 (9th Cir. 2014); *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).

The failure to exhaust is an affirmative defense, and Defendant bears the burden of raising and proving the absence of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*, 747 F.3d at 1166. Defendant must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino*, 747 F.3d at 1172. If the Defendant carries this burden, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

///

///

2

**B.** **Parties Arguments**

Defendant argues that although Plaintiff filed a few appeals around the time of the incidents in question, none of them exhausted the federal claims at issue in this case, including an appeal filed after he began this lawsuit. Further, as to the conversion claim, Plaintiff failed to file a claim with the California Government Claims Program as required by state law. Therefore, summary judgment is appropriate as to all claims in this action.

In opposition, Plaintiff relies upon an appeal he filed to overturn findings in a disciplinary proceeding, arguing that this staff complaint was directed at the events at issue in this case. Plaintiff further asserts in the alternative that administrative remedies were not available here.

In reply, Defendant argues that Plaintiff does not address his failure to file a claim with the California Government Claims Program, and therefore he has conceded that he failed to exhaust his state law claim. As to the exhaustion of Plaintiff's federal claims, Defendant argues that Plaintiff's assertions have no merit, and that there is no material dispute that remedies were available here but he failed to exhaust those remedies.

**C.** **Analysis**

**1.** **Exhaustion of First and Eighth Amendment Claims**

The Court will first address Defendant's argument that Plaintiff failed to exhaust his First and Eighth Amendment claims.

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDCR Form 602 describing the issue and the relief requested.

3

*Id.* at § 3084.2(a). Three levels of review are involved—a first level review, a second level review and a third level review. *Id.* at § 3084.7. Bypassing a level of review may result in rejection of the appeal. *Id.* at § 3084.6(b)(15). Under § 1997e, a prisoner has exhausted his administrative remedies when he receives a decision at the third level. *See Barry v. Ratelle*, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

The PLRA requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions. 42 U.S.C. § 1997e(a) (2008); *see Porter*, 534 U.S. at 524 ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."). Exhaustion must be "proper." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue. *Id.* at 90.

The facts regarding exhaustion are undisputed here. As noted above, Defendant used a chemical agent on Plaintiff's cell on November 7, 2013. The parties dispute the reasons why and whether the use of force was excessive. They do not dispute that Plaintiff was issued an RVR on November 7, 2013 charging him with obstructing a peace officer resulting in the use of chemical agents (cell extraction). (RVR #3A-04-13-11-002, Compl. 71-72.) The correctional officers essentially contend that Plaintiff refused multiple orders to submit to restraints and re-housing following disruptive behavior, eventually requiring the use of chemical agents to gain Plaintiff's compliance.

It is further undisputed that Plaintiff entered a plea of not guilty to the RVR charge, and provided a written statement declaring that the RVR was fabricated, and that Defendant had violated his First Amendment rights and Plaintiff's rights as a "Whistle Blower." (RVR #3A-04-13-11-002, Part C, Doc. No. 61-5, Ex. D, at 24-36.) Plaintiff further declared that Defendant was "attempting to use every effort to cover his ass" by issuing the RVR to shield the violation of Plaintiff's rights, because Plaintiff had been "speaking out" for prisoner rights. (*Id.* at 29.) Plaintiff indicated that he had "been face with several Act of reprisal," including the fabricated RVR. (*Id.* (errors in original).) The report goes on to state that Plaintiff refused to attend his November 28, 2013 hearing, and thus his plea and statement was entered on his behalf. (*Id.*)

An investigation was conducted by Correctional Officer J. Tienda regarding the RVR, and Plaintiff accepted Officer Tienda's role as the investigative employee, although he refused to sign documentation. (*Id.* at 32.) Plaintiff provided questions to be asked of inmate witnesses. According to the investigation, three inmate witnesses were asked whether on the day before the use of force, November 6, 2013, Plaintiff was seen attempting to flag down and speak to the Attorney General and grand jury investigator about prison rights. (*Id*. at 32-33.) All of the inmates responded that they did witness this, and that Plaintiff was being retaliated against. (*Id*.) One inmate stated that the retaliation was what was being alleged against Plaintiff, another stated that it was moving Plaintiff from his cell, and another responded that the retaliation was for speaking up about his rights. (*Id*.) Plaintiff was subsequently found guilty of the RVR on November 28, 2013. (Loss of Privileges Chrono, Doc. No. 61-5, Ex. D, at 35.)

Plaintiff appealed that finding, asserting that he was inappropriately found guilty of the RVR, that Defendant used excessive and unnecessary force, and that there were due process violations, among other issues. (Inmate Appeal Log No. COR-14-01131/PBSP-14-01002, Doc. No. 61-7, Ex. H, at 13-16.) Plaintiff filed his original complaint in this case on December 23, 2013, and the claims brought in this case were alleged in that original complaint. (Compl., Doc. No. 1, 22-23.) Plaintiff's appeal of his RVR charge was submitted on or about February 2, 2014, after he initiated this lawsuit by filing the original complaint. (Inmate Appeal Log No. COR-14-01131/PBSP-14-01002.) The reviewers of Plaintiff's appeal addressed the substance of Plaintiff's retaliation claim brought in this suit. The second level reviewer reviewed the evidence considered by the hearing officer, and found that a preponderance of the evidence supported finding that Plaintiff refused orders to exit his cell, that it was necessary to use force to extract him, and that his property was properly confiscated. (Sept. 19, 2014 Third Level Appeal Decision, Doc. No. 61-7, Ex. H, at 11-12.) Thus, his appeal was denied at the second level. (*Id*.)

Plaintiff's appeal was subsequently denied at the third level on September 19, 2014, when the third-level examiner again found that Plaintiff was properly found guilty. (*Id*.) Plaintiff was then notified that the third level denial exhausted his available administrative remedies.

///

Plaintiff's appeal of the disciplinary findings against him was directed at the claim at issue in this case, and his allegations of retaliation were investigated and considered by prison officials against the evidence in support of the RVR charges. Further, Plaintiff fully exhausted the appeal to the third level. However, the appeal process was not begun until around February 2, 2014, more than a month after Plaintiff initiated this lawsuit. The appeal was not fully exhausted until several months later, during this litigation.

The Ninth Circuit has repeatedly held that a prisoner may not litigate claims that were not exhausted prior to filing suit. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (A prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed."). *See also McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (prisoner does not comply with the exhaustion requirement by exhausting available remedies during course of the litigation); *Giles v. Felker*, 689 F. App'x 526, 527 (9th Cir. 2017) ("Contrary to Giles's contention, exhaustion of administrative remedies before filing an amended complaint alleging the same claims does not constitute proper exhaustion."). As explained above, Plaintiff did not begin the exhaustion process until after his original complaint containing the claims at issue in this case was filed, and therefore he did not properly exhaust his administrative remedies here.

Based on the foregoing, Defendant has carried the initial burden of showing that there was an available administrative remedy and that Plaintiff did not exhaust that remedy. *Albino*, 747 F.3d at 1172. The burden now shifts to Plaintiff to show that something about the circumstances made the existing and generally available administrative remedies effectively unavailable to him. *Id*.

Plaintiff's main argument is that remedies were unavailable because he was obstructed from exhausting due to the threat of retaliation. (Pl.'s Decl., Doc. No. 71, ¶ 16.4(d) (citing *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996) (discussion claim of retaliation), *Bart v. Telford*, 677 F.2d 622 (7th Cir. 1982) (same)). "[A] prisoner is excused from the exhaustion requirement in circumstances where administrative remedies are effectively unavailable, including circumstances in which a prisoner has reason to fear retaliation for reporting an incident." *Rodriguez v. Cty. of*

*Los Angeles*, 891 F.3d 776, 792 (9th Cir. 2018) (citing *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015)). "In order for a fear of retaliation to excuse the PLRA's exhaustion requirement, the prisoner must show that (1) 'he actually believed prison officials would retaliate against him if he filed a grievance'; and (2) 'a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance.'" *Id.* (quoting *McBride*, 807 F.3d at 987).

Plaintiff's argument that he would have filed a grievance but for the threat of retaliation does not have support from the record. Plaintiff was no stranger to the formal appeals process at his institution, as it is undisputed that he filed multiple appeals between early November 2013 and the date he initiated this lawsuit. (Goree Decl., Doc. No. 61-5, ¶¶ 14-16, Ex. B, C; Lewis Decl., Doc. No. 61-6, ¶ 9, Ex. F; Voong Decl., Doc. No. 61-7, ¶¶ 10, Ex. G.) Also, as discussed above, from the time of his RVR charge shortly after the incident, Plaintiff made repeated statements to prison officials that he was a whistleblower, that he was going to stand up for prisoner rights, and that Defendant had retaliated against him for his complaints and protests. Plaintiff put a statement in writing that Defendant had retaliated against him in defense of the RVR charge, as discussed above. Plaintiff has not presented evidence that he was deterred here from filing any grievance.

Plaintiff also argues that various repeated failures by prison officials to provide timely responses to his CDCR Form 22s, Form 602s, and "K.A.G.E. Demands" rendered administrative remedies effectively unavailable. (Pl.'s Opp'n, Doc. No. 66, at 8; Pl.'s Decl., Doc. No. 71, ¶ 16.11(k)). Plaintiff has not created any genuinely disputed material issue of fact in support of this argument. Plaintiff cites to no timely filed appeal regarding the claim at issue in this case that was time-sensitive, and to which a response was never received or unjustifiably delayed.

Next, Plaintiff argues that there is no available administrative remedy here because the grievance process at CDCR "leads to nowhere with a 100% denial rate." (Pl.'s Opp'n 10-11.) The United States Supreme Court has held that an administrative procedure is unavailable when "officers [are] unable or consistently unwilling to provide any relief to aggrieved inmates." *Ross*

7

*v. Blake*, — F.3d —, 136 S. Ct. 1850, 1859 (2016) (citing *Booth v. Churner*, 532 U.S. 731, 736 (2001)). Thus, when the facts demonstrate that administrative officials have apparent authority to grant relief, but decline ever to exercise it, then there is no possibility of some relief from the administrative procedure, and a prisoner has no obligation to exhaust the remedy. *Id*. Here Plaintiff has failed to present evidence that there is no relief available from the administrative procedures here. Although he contends that prison officials deny all appeals, he provides no evidence in support of this assertion, and a review of his own appeals belies this contention. Plaintiff's own grievances have sometimes been granted or partially granted. (See Goree Decl. Ex. A; Lewis Decl. Ex. E.) Therefore, Plaintiff has not created a genuine issue of material fact in support of this argument.

Finally, Plaintiff argues that Defendant failed to respond to discovery. Earlier in this case, Defendant moved for a protective order staying discovery here. (Doc. No. 62.) On February 7, 2018, the Court granted the motion in part, but ordered Defendants to respond to any discovery requests by Plaintiff that were relevant to matters of the exhaustion of administrative remedies or government claim presentation. (Doc. No. 74.) This included any discovery propounded prior to that order. (*Id*. at 3.) Defense counsel declares that all such discovery has been provided to Plaintiff. (Doc. No. 76.) Defendant does not cite any exhaustion-related discovery which was not provided. Therefore, to the extent Plaintiff is raising an argument that the Court should defer or deny Defendant's summary judgment motion some relevant discovery was not provided, the Court finds that Plaintiff has not supported that argument.

For the reasons explained, the Court finds that Defendant has shown that Plaintiff failed to exhaust available administrative remedies for his First and Eighth Amendment claim based on the undisputed evidence. Plaintiff has not raised any material dispute of fact that the remedies were unavailable under the circumstances. Therefore, summary judgment should be granted in Defendant's favor on those claims.

The Court next turns to Defendant's argument that Plaintiff also failed to exhaust available administrative remedies for his state law conversion claim.

///

### 2. Exhaustion of Conversion Claim Under State Law

Defendant argues that Plaintiff has failed to comply with the claim presentation requirements for his state law conversion claim in this case. Under the California Government Claims Act, a plaintiff may not bring an action for damages against a public employee or entity unless he first presents a written claim to the local governmental entity within six months of the accrual of the incident. *See Mabe v. San Bernardino County, Dept. of Public Social Services*, 237 F.3d 1101, 1111 (9th Cir. 2001) (Government Claims Act requires the "timely presentation of a written claim and the rejection of the claim in whole or in part" as a condition precedent to filing suit); *see also* Cal. Gov't Code § 945.4 ("[N]o suit for money or damages may be brought against a public entity ... until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board ..."). Furthermore, a plaintiff must affirmatively allege compliance with the Government Claims Act's claims presentation requirement, or explain why compliance should be excused. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). The failure to comply with the Government Claims Act is a jurisdictional defect. *See Miller v. United Airlines, Inc.*, 174 Cal. App. 3d 878, 890 (1985); *see also Cornejo v. Lightbourne*, 220 Cal. App. 4th 932, 938 (2013) ("Ordinarily, filing a claim with a public entity pursuant to the Claims Act is a jurisdictional element of any cause of action for damages against the public entity ...").

Defendant submits a declaration from the Associate Governmental Program Analyst of the California Government Claims Unit showing that their system has no record of any claim presented by Plaintiff regarding this incident. (Salias Decl., Doc. No. 61-4.) Plaintiff has also not pleaded any presentation of a claim nor any facts stating why such a claim could not be brought. Plaintiff also does not address this issue in his opposition, apparently conceding that no claim was properly presented for his state law conversion claim. Therefore, Defendant has shown that Plaintiff has failed to comply with the Government Claims Act, and his state law claim must be dismissed.

///

///

**IV.     Conclusion and Recommendations**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment for the failure to exhaust administrative remedies (Doc. No. 61) be granted;

2. Plaintiff's First and Eighth Amendment claims be dismissed, without prejudice, for Plaintiff's failure to exhaust available administrative remedies; and

3. Plaintiff's state law conversion claim be dismissed for the failure to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 23, 2018**                    /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE