UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN,<br><br>        Plaintiff,<br><br>v.<br><br>W. RASLEY,<br><br>        Defendant. | Case No. 1:13-cv-02084-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY AND CDCR OFFICIALS TO RESPOND TO K.A.G.E. DEMANDS<br>[Doc No. 88]<br><br>ORDER GRANTING PLAINTIFF A FINAL EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br><br>**FOURTEEN-DAY DEADLINE** |

**I.    Introduction**

Plaintiff William Brown is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claims against Defendant Rasley for retaliation in violation of the First Amendment, excessive force in violation of the Eighth Amendment, and conversion under state law.

Plaintiff's claims arise out of allegations concerning events occurring at CSP-Corcoran on November 7, 2013. Plaintiff alleges that while he was housed in ASU, Defendant Rasley threw a smoke grenade into Plaintiff's cell because of complaints and grievances that Plaintiff made regarding prison conditions, and took his television and other items in retaliation for the same complaints and protesting. (*See* Ex. to Compl., Rules Violation Report ("RVR") #3A04-13-11-002, Doc. No. 1, at 72-73.)

On August 23, 2018, the undersigned issued findings and recommendations recommending that Defendant's motion for summary judgment for the failure to exhaust administrative remedies be granted, and that this action be dismissed, without prejudice. (Doc. No. 85.) The parties were permitted fourteen (14) days to file any objections. (*Id.* at 10.)

On September 10, 2018, Plaintiff filed a motion for an extension of time to file objections. (Doc. No. 86.) On September 12, 2018, the Court granted Plaintiff a thirty (30) day extension of time. (Doc. No. 87.) That extended deadline has passed, and no objections were filed.

Currently before the Court is Plaintiff's motion for an order compelling discovery, filed on October 22, 2018. (Doc. No. 88.)

**II.    Discussion**

Plaintiff moves for an order pursuant to Federal Rule of Civil Procedure 37(a) to compel Defendant and non-party Connie Gipson, Warden of CSP-Corcoran, to respond to discovery requests. (*Id.*) Plaintiff states that interrogatories were not properly responded to, although no interrogatories are provided. Instead, Plaintiff attaches a second request for production of documents to Defendant and others, dated October 12, 2018, in support of his motion. (*Id.* at 5-18.)

The discovery and scheduling order in this case was issued on September 1, 2017. (Doc. No. 42.) The deadlines in that order were later amended by the Court's September 25, 2017 order, but all substantive provisions remained the same. (Doc. No. 52.) Under the amended discovery and scheduling order, the deadline for completion of all discovery, including filing all motions to compel discovery, was May 31, 2018. (*Id.*)[1]

Plaintiff's current motion comes well after the deadline for discovery has closed, and well after Defendant's motion for summary judgment for the failure to exhaust administrative

---

[1] Non-exhaustion related discovery was later stayed by an order issued on February 6, 2018, pending the resolution of Defendant's summary judgment motion on the exhaustion of available administrative remedies. (Doc. No. 74.) The Court expressly held that the parties were permitted to complete all discovery on matters related to exhaustion of administrative remedies or government claim presentation issues within the remaining deadline. In that order, the Court also required Defendant to respond to interrogatories and requests for production that Plaintiff had served on December 8, 2017, to the extent they related to exhaustion. (*Id.* at 2-3.)

remedies was filed and fully briefed. As noted above, findings and recommendations were issued on that fully-briefed motion over two months ago. Plaintiff presents no good cause for his untimely motion to compel. Fed. R. Civ. P. 16(b)(4). Moreover, the record shows that Plaintiff has had ample opportunity for discovery on these issues.

Plaintiff asserts that the discovery requests correlate to his CDCR 602 at issue in the dispute over whether he has exhausted his administrative remedies, but a review of the requests themselves does not support his contention. Instead, the late discovery requests attached to his motion seek information about the facts in support of his claim, not about the issue of exhaustion of available administrative remedies or government claim presentation. Plaintiff has also sought no leave to issue any such late discovery requests or shown any good cause for re-opening discovery on these matters at this late stage in the litigation. For all these reasons, Plaintiff's motion is denied.

## III. Conclusion

As noted above, it appears that Plaintiff filed the instant motion in lieu of filing objections to the pending findings and recommendations. In an abundance of caution, the Court will permit Plaintiff an additional fourteen (14) days to file objections, now that he has notice that his motion to compel is being denied. <u>No further extensions of time will be permitted</u>.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery, filed on October 22, 2018 (Doc. No. 88), is denied; and

2. Plaintiff's objections to the August 23, 2018 findings and recommendations, if any, are due within **fourteen (14) days** of this order.

IT IS SO ORDERED.

Dated: **October 24, 2018**              /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE